ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DESIREE TAYLOR, MELENEY ELEY and                    Case No.: 18-cv-5710
PHILLIP PATTERSON,

                                COMPLAINT
                   Plaintiff,               <u>JURY DEMAND</u>

        -against-

THE CITY OF NEW YORK, DETECTIVE SOPHIA
CARSON, DETECTIVE EDWARD MEJIA,
DETECTIVE EDWARD CHICHOTKY
and POLICE OFFICER AFZAL ALI,

                             Defendants.
-----------------------------------------------------------------------X

        Plaintiffs, DESIREE TAYLOR, MELENEY ELEY and PHILLIP PATTERSON, by and

through their attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION

        1.     This is an action for the wrongful acts of defendants, THE CITY OF NEW

YORK, DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE

EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI, in violation of Plaintiff's rights

secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

        2.      Plaintiffs, DESIREE TAYLOR, MELENEY ELEY and PHILLIP PATTERSON,

allege that on or about October 23, 2015, defendants committed wrongful and illegal acts against

Plaintiffs, including unlawfully seizing the Plaintiffs, falsely arresting Plaintiffs, wrongly

imprisoning Plaintiffs, maliciously prosecuting the Plaintiffs, denial of medical care, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

JURISDICTION

3.      This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4.      Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiffs' Constitutional and civil rights.

5.      Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

PARTIES

7.      At all times relevant hereto, Plaintiff, DIANE TAYLOR, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8.      At all times relevant hereto, Plaintiff, MELENEY ELEY, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

9.      At all times relevant hereto, Plaintiff, PHILLIP PATTERSON, was and is a citizen of the Unites States and resident of Kings County, in the City and State of New York.

10.     At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the

New York City Police Department, which employs the other named defendants.

11.     At all times relevant hereto, Defendant DETECTIVE SOPHIA CARSON was at all times relevant to this action an Detective employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, DETECTIVE SOPHIA CARSON was assigned to Narcotics Borough Brooklyn North of the New York City Police Department, at the time of the occurrences alleged in this complaint.  She is being sued in both his individual and official capacities.

12.     At all times relevant hereto, Defendant DETECTIVE EDWARD MEJIA was at all times relevant to this action an Detective employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, DETECTIVE EDWARD MEJIA was assigned to Narcotics Borough Brooklyn North of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

13.     At all times relevant hereto, Defendant DETECTIVE EDWARD CHICHOTKY was at all times relevant to this action an Detective employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, DETECTIVE EDWARD CHICHOTKY was assigned to Narcotics Borough Brooklyn North of the New York City Police Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

14.     At all times relevant hereto, Defendant POLICE OFFICER AFZAL ALI was at all times relevant to this action an Detective employed by the New York City Police Department, and acted under the color of state law.  Upon information and belief, POLICE OFFICER AFZAL ALI was assigned to Narcotics Borough Brooklyn North of the New York City Police

Department, at the time of the occurrences alleged in this complaint.  He is being sued in both his individual and official capacities.

15.     At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

16.     At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI.

17.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

18.     At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

19.     At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

20.     The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

FACTUAL BACKGROUND

21.     On October 23, 2015 at approximately 11:35 p.m., the Plaintiffs were present at a social club located at 1582 Pacific Street, Brooklyn, New York.

22.     Plaintiff MELENEY ELEY was present at 1582 Pacific Street, Brooklyn, New York for the purposes of inquiring about future catering jobs.

23.     Prior to arriving at 1582 Pacific Street, Brooklyn, New York, Plaintiff had been discharged from Kingsbrook Jewish Medical Center for a lung condition.

24.     That Plaintiff PHILLIP PATTERSON arrived at 1582 Pacific Street, Brooklyn, New York on his own.

25.     That Plaintiff DIANE TAYLOR arrived at 1582 Pacific Street, Brooklyn, New York on her own.

26.     On October 23, 2015, at approximately 11:35 p.m., there were approximately 25 persons, including the Plaintiffs, located at 1582 Pacific Street, Brooklyn, New York.

27.     On October 23, 2015, at approximately 11:35 p.m., DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI forcefully entered at 1582 Pacific Street, Brooklyn, New York.

28.     Upon information and belief, DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI entered the premises pursuant to a "ALL HOURS" and "NO KNOCK" search warrant.

29.     Upon information and belief, the target of the warrant was 1582 Pacific Street, Brooklyn, New York, a black male, approximately 45 years of age and approximately 6'2 tall (no weight provided); a black female, in her mid 40's, approximately 5'6 tall, weighing approximately 160 pounds; and a black male, approximately 45 years of age, approximately 5'10 tall, weighing approximately 200 pounds.

30.     At all times relevant herein, Plaintiff DESIREE TAYLOR was a female, 49 years of age, 5'7 in height and weighed 125 pounds.

31.     At all times relevant herein, Plaintiff MELENEY ELEY was a female, 51 years of age, 5'4 in height and weighed 220 pounds.

32.     At all times relevant herein, Plaintiff PHILLIP PATTERSON was a male, 51 years of age, 5'6 in height and weighed 180 pounds.

33.     Upon entering the premises, the Defendants caused all of the persons located at 1582 Pacific Street, Brooklyn, New York to get on the floor.

34.     That one of the Defendants then stated to Plaintiff MELENEY ELEY: "Hello Ms. Eley.  What are you cooking tonight?"

35.     That DETECTIVE SOPHIA CARSON took Plaintiff MELENEY ELEY to the bathroom of the premises and conducted a search of her breasts, vagina and anal cavity.

36.     That no drugs or contraband were located on Plaintiff MELENEY ELEY.

37.     That the Defendants frisked Plaintiff DESIREE TAYLOR.

38.     That no drugs or contraband were located on Plaintiff DESIREE TAYLOR.

39.     That the Defendants frisked Plaintiff PHILLIP PATTERSON.

40.     That no drugs or contraband were located on Plaintiff PHILLIP PATTERSON.

41.     That each of the Plaintiffs were handcuffed placed under arrest by the Defendants.

42.     Despite repeated requests by the plaintiffs, the defendants refused to advise the plaintiffs of their arrest charges.

43.     That each of the Plaintiffs were relocated to the 77th Precinct in the Brooklyn, New York.

44.     That each of the Plaintiffs were photographed and finger printed at the 77th Precinct.

45.     Upon completion of the photographs and finger printing, the Plaintiff's were relocated to holding cells.

46.     While Plaintiffs were in the Defendants' custody, Defendant DETECTIVE SOPHIA CARSON reported to the office of the district attorney that illegal drugs were observed in an area near the Defendants.

47.     These allegations were false and Defendant DETECTIVE SOPHIA CARSON knew the statements to be false at the time that they were made.

48.     Defendant DETECTIVE SOPHIA CARSON forwarded these false allegations to the Kings County District Attorney's office ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the Plaintiff's criminal prosecution.

49.     Defendant DETECTIVE SOPHIA CARSON knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the Plaintiff, were relying on the truthfulness of his claims and statements, and assumed that all of these factual

statements and claims were truthful in all respects.

50.     While in the holding cell, Plaintiff MELENEY ELEY, began to feel shortness of breathe.

51.     Upon information and belief, Plaintiff MELENEY ELEY advised the DETECTIVE EDWARD CHICHOTKY that she had recently been discharged from a hospital for a lung condition and that she was in need of oxygen and Metformin for diabetes.

52.     That Plaintiff MELENEY ELEY showed DETECTIVE EDWARD CHICHOTKY her hospital bracelet, which was on her wrist.

53.     Plaintiff MELENEY ELEY advised the DETECTIVE EDWARD CHICHOTKY that she had a medication called Metformin in her purse.

54.     Upon information and belief, DETECTIVE EDWARD CHICHOTKY removed medication from Plaintiff's purse and assisted Plaintiff MELENEY ELEY with taking three pills orally.

55.     After taking the medication, Plaintiff MELENEY ELEY became light headed and passed out in the cell.

56.     Upon passing out, the other inmates in the holding cells began to yell for help.

57.     Upon information and belief, DETECTIVE EDWARD CHICHOTKY and a supervisor came to the holding cell area of the Precinct and the supervisor said: "Why are you screaming."

58.     Upon information and belief, DETECTIVE EDWARD CHICHOTKY stated to his supervisor: "I gave the bitch her medicine."  The supervisor then stated: "You gave her medicine?  You aren't a doctor.  You can't give her medicine."

59.     Officers in the 77th Precinct assisted Plaintiff out of the holding cell.

60.     An Officer in the 77th Precinct gave Plaintiff MELENEY ELEY a Desk Appearance Ticket and told her that she could leave the Precinct.

61.     Plaintiff MELENEY ELEY left the Precinct, went to her physician and was advised that she was incorrectly administered Nytroglycerin, which was her heart medication.

62.     Plaintiff PHILLIP PATTERSON was relocated from the 77th Precinct to Central Booking.

63.     That the Office of the District Attorney declined prosecution and Plaintiff PHILLIP PATTERSON was released from Central Booking.

64.     Plaintiff DIANE TAYLOR was relocated from the 77th Precinct to Central Booking.

65.     On or about October 24, 2015, Plaintiff DIANE TAYLOR was produced in an arraignment part in the Criminal Court of the City of New York, County of Kings under Docket No.: 2015KN069750.

66.     That the Criminal Complaint charged the Plaintiff with the following offenses: 1) Criminal Possession of a Controlled Substance in the Seventh Degree in violation of Penal Law § 220.03.

67.     The case was adjourned in contemplation of dismissal at a trial part and ultimately dismissed on December 28, 2016.

68.     Plaintiff MELENEY ELEY appeared in Court three times in connection with her Desk Appearance Ticket.

69.     The office of the District Attorney, County of Kings never filed a complaint in connection with Plaintiff MELENEY ELEY's desk appearance ticket.

70.     As a direct and proximate result of the actions of DETECTIVE SOPHIA

CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI, Plaintiffs were falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned.

71. Defendant DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI acted with malice in arresting Plaintiff on false charges and causing the Plaintiff to be prosecuted on charges the Defendants knew were false.

72. Defendant THE CITY OF NEW YORK, DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI brought charges against Plaintiff and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize himself for his unlawful, unconstitutional arrest of Plaintiff and his use of excessive force and gratuitous acts of violence against Plaintiff.

73. To date, as a direct and proximate result of the defendants actions, Plaintiffs have suffered loss of his liberty, and continues to suffer physical and emotional pain, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

74. As a direct and proximate result of defendant's actions, Plaintiffs were arrested and detained.

75. As a direct and proximate cause of defendant's actions, Plaintiffs were deprived of their rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments

to United States Constitution and the laws of the State of New York.

76.     Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police Officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

77.     Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

78.     Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT (ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

79.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-78 of this complaint as though fully set forth therein.

80.     The actions of defendants DETECTIVE SOPHIA CARSON, DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI, and acting under the color of state law, deprived Plaintiff of his rights, privileges and

immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest and false imprisonment

81.    By these actions, the individual defendants have deprived Plaintiffs of their rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendants are individually liable.

82.    As a result of the foregoing, Plaintiffs were deprived of liberty, sustained great emotional injuries, were subject to great humiliation, and was otherwise harmed, damaged and injured.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST
UNREASONABLE SEARCH AND SEIZURES
(PLAINTIFF MELENEY ELEY AGAINST DETECTIVE SOPHIA CARSON)

83.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint as though fully set forth therein.

84.    That Defendant DETECTIVE SOPHIA CARSON had no reasonable suspicion that Plaintiff MELENEY ELEY was concealing weapons or other contraband based on the crime charged, the targets in the warrant, the particular characteristics of the Plaintiff, and/or the circumstances of the arrest.

85.    The actions of Defendants DETECTIVE SOPHIA CARSON, acting under the color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America and the State of New York, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the

prohibition of unlawful searches and seizures.

86.     By these actions, Defendants deprived Plaintiff of his rights secured by the Fourth

Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

THIRD CLAIM: DENIAL OF ADEQUATE MEDICAL TREATMENT
(Plaintiff MELENEY ELEY against DETECTIVE EDWARD CHICHOTKY)

87.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-86 of this

complaint as though fully set forth therein.

88.     As a pretrial detainee, Plaintiff MELENEY ELEY had a due process right to

medical treatment needed to remedy a medical condition.

89.     Defendant DETECTIVE EDWARD CHICHOTKY as an official custodian of

Plaintiff MELENEY ELEY acted with reckless disregard for the substantial risk posed by

Plaintiff MELENEY ELEY's serious medical condition.

90.     That Defendant DETECTIVE EDWARD CHICHOTKY was advised of Plaintiff

MELENEY ELEY's medical condition and chose to administer medication himself rather than

getting the Plaintiff medical attention.

91.     By these actions, Defendant DETECTIVE EDWARD CHICHOTKY deprived

Plaintiff of her rights secured by the Due Process Clause of the Fourteenth Amendment to the

United States Constitution, in violation of 42 U.S.C. Section 1983.

FOURTH CLAIM: FAILURE TO INTERVENE
(Plaintiff MELENEY ELEY against Defendants DETECTIVE EDWARD MEJIA,
DETECTIVE EDWARD CHICHOTKY and POLICE OFFICER AFZAL ALI)

92.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-91 of this

complaint as though fully set forth therein.

93.     Defendants DETECTIVE EDWARD MEJIA, DETECTIVE EDWARD

CHICHOTKY and POLICE OFFICER AFZAL ALI were present but did not actively participate

in the aforementioned unlawful search of Plaintiff MELENEY ELEY, observed such conduct,

had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct

and failed to intervene.

94.     Accordingly, the Defendants who failed to intervene violated the Fourth, Fifth,

Sixth and Fourteenth Amendments.

95.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

### FIFTH CLAIM: MALICIOUS PROSECUTION
(Plaintiff DIANE TAYLOR against Defendant DETECTIVE SOPHIA CARSON)

96.     Plaintiff, repeats and realleges the allegations contained in paragraphs 1-95 of this

complaint, as though fully set forth therein.

97.     That Defendant DETECTIVE SOPHIA CARSON initiated a criminal proceeding

against the Plaintiff DIANE TAYLOR.

98.     That the criminal proceeding terminated in the Plaintiff DIANE TAYLOR favor

based on its dismissal.

99.     That Defendant DETECTIVE SOPHIA CARSON  lacked probable cause for

commencement of the criminal proceeding.

100.     That Defendants Defendant DETECTIVE SOPHIA CARSON commenced the

criminal proceeding against the Plaintiff with malice.

101.     As a result of the foregoing, the Plaintiff DIANE TAYLOR is entitled to damages

for his conviction and incarceration.

### SIXTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

102.    Plaintiff repeats and realleges the allegations contained in paragraphs 1-101 of this complaint and though fully set forth therein.

103.    At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

104.    Upon information and belief, defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its Detectives, officers and other employees, including the defendants and employees herein, with respect to their failure to protect citizens from unconstitutional conduct of other detectives, officers and employees, thereby permitting and allowing the defendant detectives, officers and employees herein to be in a position to wrongfully arrest, unlawfully seize, and maliciously prosecute the plaintiffs.

105.    As a result, plaintiffs sustained great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged, and injured.

106.    The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-105 deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in their person and property, to due process under the law, the right to be free from malicious prosecution.

106.    By these actions, defendant CITY OF NEW YORK has deprived plaintiffs of

rights secured by the Eighth Amendment to the United States Constitution, in violation of 42

U.S.C. Section 1983.

107.    As a result of the foregoing plaintiff sustained great emotional injuries, was

subject to extreme humiliation, and were otherwise harmed, damaged and injured.

SEVENTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

108.    Plaintiffs repeats and realleges the allegations contained in paragraphs 1-107 of

this complaint and though fully set forth therein.

109.    Defendants under the color of the law, conspired with each other to undertake a

course of conduct to injure, oppress, threaten, harass and intimidate Plaintiffs, denying them free

exercise and enjoyment of the rights and privileges and equal protection of the law secured to

him by the Constitution, including the rights to be free from excessive force.

110.    The aforementioned Defendants, under the color of the law, conspired with each

other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or

to produce false evidence in violation of Plaintiffs constitutional rights including the right to due

process, to have Plaintiff wrongfully prosecuted for a crime that he did not commit.

PRAYER FOR RELIEF:

WHEREFORE, Plaintiffs requests the following relief jointly and severally as against all

of the Defendants:

1.      Award compensatory damages in an amount to be determined at trial;

2.      Award punitive damages in an amount to be determined at trial;

3.      Disbursements, costs and attorney's fees; and

4.      For such other further relief that this court may deep just and proper under the

circumstances.

Dated: Brooklyn, New York
        October 11, 2018

                            /s/ Alexander M. Dudelson
                            ALEXANDER M. DUDELSON, ESQ. (AD4809)
                            *Attorney for Plaintiffs*
                            26 Court Street - Suite 2306
                            Brooklyn, New York 11242
                            (718) 855-5100